CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 8 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| NORMAN GROOMS, | ) |
| | ) Civil Action No. 3:14CV00037 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Norman Grooms, was born on June 10, 1955 and eventually completed his high school education. He also completed a two year course at a business college, and earned a degree. (TR 56). Mr. Grooms worked as a landscaper in 2008, between two different periods of incarceration. On April 19, 2011, plaintiff filed an application for supplemental security income benefits. He alleged that he became disabled for all forms of substantial gainful employment on May 18, 2010, due to sciatic

nerve problems, Hepatitis C, arthritis, and hemorrhoids. Mr. Grooms now maintains that he has remained disabled to the present time.

Plaintiff's claim for supplemental security income benefits was denied upon initial consideration and reconsideration. Mr. Grooms then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 9, 2014, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Grooms suffers from degenerative disc disease, Hepatitis C, arthritis, and right ankle osteophytes. (TR 29). Despite such problems, the Law Judge determined that plaintiff retains the capacity to perform a medium range of exertional activity, as defined in 20 C.F.R. § 416.967(c). In assessing plaintiff's residual functional capacity, the Law Judge found that Mr. Grooms can engage in medium work involving frequent climbing ramps/stairs; occasional stooping, kneeling, crouching, crawling, or climbing; and no involvement in food preparation or service. (TR 30). The Law Judge ruled that plaintiff is disabled for his past relevant work as a landscaper, which involved heavy exertional activity. (TR 34). However, given plaintiff's residual functional capacity, and after considering Mr. Grooms' age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains sufficient functional capacity to engage in a variety of work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Grooms has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

At the outset, it should be noted that the Law Judge's disposition of plaintiff's claim turned in large measure on application of the Medical/Vocational Guidelines promulgated under Appendix 2 to Subpart P of the Administrative Regulations Part 404. The Law Judge found that Mr. Grooms' case is governed by Medical/Vocational Rule 203.14, which assumes that a claimant is of advanced age, possesses more than a high school education, and is vocationally unskilled. Considering such age, education, and lack of work skills, and assuming a residual functional capacity for medium exertion, Rule 203.14 directs a determination of not disabled. However, given the same age, education, and work skills, and assuming a residual functional capacity for no more than light exertional activity, Rule 202.04 directs a determination of disabled.[1] In short, if plaintiff has met the burden in establishing that

---

[1] The court recognizes that plaintiff's post-high school education indicates that he may possess additional vocational training which could support performance of "skilled work" as contemplated under Rule 202.05 of Appendix 2. However, given the following provisions of Rule 202.00(c), the court concludes that Rule 202.05 does not apply in Mr. Grooms' case:
> However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

3

he is limited to no more than light exertional activity, the Medical/Vocational Guidelines direct a determination of disabled.

In finding that Mr. Grooms is capable of performing medium levels of exertion, the Administrative Law Judge relied on the reports of nonexamining state agency physicians, upon whose opinions the Law Judge accorded "the greatest weight." (TR 33). The Law Judge accorded lesser weight to the report and assessment of Dr. Victoria Grady, who performed a consultative physical examination at the behest of the state agency, and to the report and assessment of Dr. Lukasz Myc, who treated plaintiff at the University of Virginia Medical Center. The court is simply unable to conclude that the Law Judge's treatment of the medical record is supported by substantial evidence.

As part of the initial state agency review of plaintiff's claim for benefits, Dr. Bert Spetzler assessed all the available evidence as of September 13, 2011. Dr. Spetzler summarized the medical evidence as follows:

> Exertional limitations due to degenerative disc disease at C6-7 and complaints of lower back pain. Lumbar spine noted to have full range of motion, normal gait, normal hip exam. Right SI joint noted to have tenderness on palpation. No LE weakness or atrophy noted. Claimant also has a history of Hepatitis C+ antibody with no complications or complaints.

(TR 93). Dr. Spetzler opined that Mr. Grooms can engage in medium levels of work activity. (TR 93). On March 22, 2012, another nonexamining state physician, Dr. Josephine Cader, reviewed the available medical record as part of the reconsideration of plaintiff's claim for benefits. (TR 107-08). As part of the reconsideration process, it was determined to commission a consultative examination. (TR 103). Thus, Dr. Cader received and considered Dr. Victoria Grady's consultative examination report as part of her reconsideration review. After considering all the evidence then available, Dr. Cader opined that plaintiff suffers from degenerative disc, Hepatitis C, and osteophytes of the right ankle. (TR 108). Dr.

Cader also opined that Mr. Grooms can perform medium levels of work activity involving no more than occasional climbing, stooping, kneeling, and crawling. (TR 107-08).

Dr. Victoria Grady completed her consultative report on March 8, 2012. Unlike Dr. Spetzler and Dr. Cader, Dr. Grady actually examined Mr. Grooms. Dr. Grady also reviewed all of the available medical evidence, much of which was compiled during plaintiff's incarceration. Based on her physical examination and review of the medical record, Dr. Grady offered the following functional assessment:

> The number of hours the claimant can stand in an eight-hour workday, based on today's exam, is expected to be six. The number of hours the claimant can walk in an eight-hour workday, based on today's exam, is expected to be six. The number of hours the claimant can sit in an eight-hour workday, based on today's exam, is expected to be six.
>
> The amount of weight the claimant can carry, based on today's exam, is expected to be 20 pounds occasionally. The amount of weight the claimant can lift, based on today's exam, is expected to be 20 pounds occasionally.
>
> Manipulative limitations: Based on today's exam, the claimant should be able to reach, handle, feel, grasp and finger frequently.
>
> Postural limitations: Based on today's exam, the claimant should be able to bend, stoop, crouch and squat occasionally. Limitation due to balance noted on exam.

(TR 657-58). If plaintiff is unable to lift more than twenty pounds at a time, 20 C.F.R. § 416.967(b) provides that he is unable to do more than light work activity.

As reflected above, the Administrative Law Judge also accorded lesser weight to a physical assessment provided by Dr. Lukasz Myc. The medical record reveals that, in 2012 and 2013, Mr. Grooms was seen by several different medical providers at the University of Virginia Medical Center. His complaints during that period included hemorrhoids with rectal bleeding, insomnia, left thumb pain, lower back pain, and Hepatitis C. In terms of lower back pain, his doctors noted paravertebral muscle spasm with associated neuropathy. Roentgenographic studies were said to reveal moderate to severe

5

disc degenerative changes at L5-S1. (TR 668). Mr. Grooms returned for further treatment in September of 2013. At that time, Dr. Myc ordered a lumbar spine MRI. The MRI revealed multi-level disc and facet degenerative changes; severe central canal narrowing; severe neural foraminal narrowing at multiple levels, and right renal cysts. (TR 675). Given these findings, Dr. Nathan Lanham ordered an epidural steroid injection at L4-L5. (TR 676).

Dr. Myc completed a functional assessment on December 5, 2013. Dr. Myc diagnosed multi-level degenerative disc disease; severe central canal stenosis with chronic lower back pain; and Hepatitis C. (TR 680). In support of his diagnosis, Dr. Myc cited the MRI interpretation from September 13, 2013, as well as his own clinical findings. (TR 680). Dr. Myc opined that plaintiff could stand and walk for no more than two to three hours in an eight-hour workday, and that he is limited to lifting and carrying no more than ten pounds. (TR 681). Dr. Myc opined that plaintiff's symptoms and limitations have persisted with the same level of severity since July 11, 2012. (TR 681).

Under 20 C.F.R. § 416.927(c)(1), it is explicitly provided that, generally, more weight will be given to the opinion of a medical source who has actually examined the claimant. In the instant case, the Administrative Law Judge clearly discounted the findings, assessments, and opinions of Dr. Grady and Mr. Myc, while according the greatest weight to the assessments of the non-examining state physicians. In so doing, the Law Judge commented as follows:

> The opinions of the experts who prepared the State agency reports are given the greatest weight, particularly the most recent assessments. These expert opinions are balanced, objective, and consistent with the evidence of record as a whole, including treatment notes. Although these experts did not have an opportunity to examine or treat the claimant, the reports clearly reflect a thorough review of the record and are supportable. In short, these experts' familiarity with the SSA disability evaluation program and the evidence of record warrants the greatest weight – the opinions given the greatest weight are most consistent with the longitudinal review of the evidence of record.

(TR 33).

The court concludes that the Law Judge's rationale is simply not consistent with the record in this case. At the time Dr. Grady's consultative report was commissioned by the state agency, it was noted that "the evidence as a whole . . . is not sufficient to support a decision on the claim." (TR 103). In the court's view, it makes little sense to arrange for a consultative examination, if the consultant's assessment of residual functional capacity, based on a record review, personal examination, and clinical findings, is ultimately rejected.

The Law Judge's treatment of Dr. Myc's assessment finds even less support. While the Law Judge commented that Dr. Myc's residual functional capacity assessment "is not accompanied by any contemporaneous treatment notes," (TR 33), it is clear that Dr. Myc was one of the members of the treatment team at the University of Virginia Medical Center. Indeed, it was Dr. Myc who arranged for the MRI performed on September 13, 2013. (TR 674). This objective study resulted in an impression of multi-level disc and facet degenerative changes with severe central canal narrowing and severe neural foraminal narrowing at multiple levels. Dr. Myc specifically cited these objective findings, as well as his own clinical observations, in concluding that Mr. Grooms is disabled for the lifting, carrying, standing, and walking required for medium work activity. (TR 680-81). The court finds no support for the Law Judge's observation that the nonexamining state agency physician reports "clearly reflect a thorough review of the record and are supportable" when the state agency assessments and opinions were completed well before Dr. Myc's assessment and the lumbar spine MRI upon which that assessment was based.[2]

---

[2] Dr. Cader's report is dated March 22, 2012. The interpretation of the lumbar MRI is dated September 1, 2013.

In short, the court concludes that the Commissioner's final decision in this case is not supported by substantial evidence. Given the MRI report, which documents severe musculoskeletal defects in the lumbar spine, as well as the reports from Dr. Grady and Dr. Myc, the court finds that plaintiff has met the burden of proof in establishing that he was disabled for anything more than light work activity at all times on and after March 8, 2012. It follows that plaintiff has met the burden of proof in establishing disability for all forms of substantial gainful employment. See 20 C.F.R. § 416.969 and Rule 202.04 of Appendix 2 to Subpart P of the Administrative Regulations Part 404.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under the SSI Benefit Program, the court must remand the case to the Commissioner for an appropriate determination. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 28th day of April, 2015.

_____
Chief United States District Judge